IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM E. DIXON<br>3080 Bogle Road<br>Bensalem, PA 19020 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff, | : No.:<br>: |
| v. | :<br>: **JURY TRIAL DEMANDED** |
| BUCKS COUNTY COMMUNITY<br>COLLEGE<br>275 Swamp Road<br>Tyler 130<br>Newtown, PA 18940 | :<br>:<br>:<br>:<br>: |
| Defendant. | :<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, Kim E. Dixon (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendant of the American's with Disabilities Act ("ADAAA" – 42 U.S.C. §§ 12101 *et. seq.*) and applicable state law(s). Plaintiff was unlawfully terminated by Defendant, and she suffered damages more fully described/sought herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This

Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

### III. Parties

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Defendant Bucks County Community College (hereinafter "Defendant") is a Bucks-County based educational institution which has employed more than 50 employees in every week Plaintiff was employed by Defendant.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. Factual Background

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff was hired by Defendant in or about May of 2001.

12. Plaintiff worked in various administrative roles throughout her employment and performed human resources functions.

13. At the time of her termination from Defendant, Plaintiff was employed with the job title of "Specialized Support 8."

14. At all times relevant herein, Plaintiff was supervised directly and indirectly by various employees, including Tracey Donaldson, an executive director of human resources, and other management including, particularly Linda Edgar and Robert Grunmeier.

15. Plaintiff has suffered from a visual perception and learning disabilities from 2002 through the present, disabilities that are permanent and which at times can impact her ability to think, concentrate, see, and to perform other life activities.

16. Throughout her tenure with Defendant, Plaintiff performed her job very well.

17. However, towards the end of her employment, Plaintiff learned that Defendant's management had reviewed her personnel file prompting Plaintiff to have discussions with her management about Plaintiff's specific health conditions.

18. In or about mid-September of 2011, Plaintiff was informed by Donaldson that her job was being eliminated.

19. Shortly before Plaintiff was informed that her position was being "eliminated," Plaintiff had made specific complaints to her management about her view that they were treating her in a discriminatory manner based upon their perceptions of her health problems.

20. Plaintiff was sent correspondence identifying that her termination was solely due to a restructuring; but upon information and belief, any alleged restructuring within Plaintiff's department was untrue and only impacted Plaintiff.

21. And further, following Plaintiff's termination from Defendant, Defendant promptly posted that it was hiring for a specialized support position, a position that Plaintiff could have easily performed if not terminated due to an alleged job elimination.

22. Upon information and belief, Plaintiff's termination was pretextual and solely because of her known or perceived health problems and in retaliation for her complaints of discriminatory treatment.

### Count I
### Violations of the Americans With Disabilities Act ("ADAAA")
(Actual & Perceived Disability Discrimination - Wrongful Termination)

23. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24. Plaintiff suffered from disabilities while in the employ of Defendant, and she was terminated because of her actual disabilities, record of impairment, or perceived disabilities.

25.     These actions as aforesaid constitute violations of the ADAAA.

## Count II
### Violations of the Americans With Disabilities Act ("ADA")
(Retaliation – Wrongful Termination)

26.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

27.     When discussing her health conditions with management prior to her termination, Plaintiff vocalized that the only accommodation she needed was, on a sporadic basis, some additional time to absorb a particular assignment or project.

28.     Plaintiff was terminated by Defendant because of her expressed need for an accommodation and/or because she specifically complained about disability discrimination to Defendant's management.

29.     These actions as aforesaid constitute violations of the ADAAA.

## Count III
### Violations of the Pennsylvania Human Relations Act ("PHRA")
(Discrimination & Retaliation)

30.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

31.     Plaintiff re-asserts and re-alleges each of the allegations as set forth in Counts I and II of her Complaint as they also constitute violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.  Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C.  Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.  Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                              Respectfully submitted,

                              **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                              Ari R. Karpf
                              3331 Street Road
                              Two Greenwood Square
                              Suite 128
                              Bensalem, PA 19020
                              (215) 639-0801

Dated: December 18, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Kim E. Dixon : CIVIL ACTION
v.
Bucks County Community College NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

12/18/2012        Ari R. Karpf             Plaintiff
**Date**          **Attorney-at-law**      **Attorney for**

(215) 639-0801   (215) 639-4970           akarpf@karpf-law.com

**Telephone**    **FAX Number**           **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3080 Bogel Road, Bensalem PA 19020

Address of Defendant: 275 Swamp Road, Tyler 130, Newtown PA 18940

Place of Accident, Incident or Transaction: Defendant's place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 12/19/2012   _____ Attorney-at-Law   ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/19/2012   _____ Attorney-at-Law   ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

§JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DIXON, KIM E.

**DEFENDANTS**
BUCKS COUNTY COMMUNITY COLLEGE

(b) County of Residence of First Listed Plaintiff **Bucks**

County of Residence of First Listed Defendant **Bucks**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | ☐ 891 Agricultural Acts |
| | | | | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
American's with Disabilities Act "ADAAA" 42USC12101

Brief description of cause:
Violations of the ADAAA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
(See instructions):
JUDGE
DOCKET NUMBER

Explanation:

DATE 12/19/2012

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]